## In Re Carl J.S. LOVETT and Samuel Lovett.

### No. 2015–122–M.P.

Supreme Court of Rhode Island.

June 19, 2015.

Richard P. D'Addario, Esq., Chairman, Unauthorized Practice of Law Committee.

Stephen I. Lipman, Esq.

### ORDER

This matter came before the Court pursuant to G.L. 1956 § 11–27–19 of the General Laws and Rule 8(b) of the Governing Rules of the Unauthorized Practice of Law Committee (committee) following investigational hearings conducted by the committee on June 11, 2014, June 25, 2014, July 22, 2014, and August 5, 2014 in connection with Carl J.S. Lovett and Samuel Lovett. The committee's investigation of Carl J.S. Lovett and Samuel Lovett was in response to a complaint received on October 23, 2013 alleging that both individuals were practicing law in Rhode Island through the law firm Lovett & Lovett despite being licensed attorneys only in the Commonwealth of Massachusetts.[1]

After the investigational hearings, the committee made findings of fact in its forty-six page committee report dated April

---

1. Copies of the complaint submitted to the Committee, as well as the hearing transcripts and exhibits are available for inspection in the Supreme Court Clerk's Office.

15, 2015, and it submitted said report to this Court on or about April 16, 2015. The committee determined by a preponderance of the evidence before it that Carl J.S. Lovett and Samuel Lovett, neither of whom are licensed attorneys in the State of Rhode Island, had over the course of years engaged in a pattern of conduct which violated the statutes governing the unauthorized practice of law by practicing law in Rhode Island, receiving pay or compensation, directly or indirectly, for services of a legal nature usually done by attorneys at law in Rhode Island, agreeing to furnish legal advice, service, or counsel to Rhode Island clients or on Rhode Island cases, or to provide the services of an attorney licensed in Rhode Island, and representing themselves through their acts and deeds as Rhode Island attorneys or holding themselves out as persons competent, qualified, authorized, and entitled to practice law in this state.

More particularly, the committee found that Carl J.S. Lovett and Samuel Lovett operated almost exclusively out of an office located in Rhode Island for over eighteen years and that, in that time frame, they handled Rhode Island personal injury, criminal, and workers' compensation clients and cases without meaningful or actual supervision or oversight from two Rhode Island attorneys who were also employed at Lovett & Lovett.

The committee report noted prior admissions on the part of Carl J.S. Lovett and Samuel Lovett that they handle all aspects of Rhode Island cases apart from signing pleadings and appearing in court. The committee also found that the work performed by Carl J.S. Lovett and Samuel Lovett generated attorneys' fees relating to Rhode Island clients and cases, which fees were owned almost exclusively by Carl J.S. Lovett and Samuel Lovett, who collectively held a 98 percent ownership of the law firm Lovett & Lovett.

While neither § 11–27–19 nor the Committee's Governing Rules or Rules of Procedure provide for the submission of a formal response after the committee has issued its written report to the Supreme Court, the Court has considered a response to the committee report submitted on or about May 18, 2015, by Carl J.S. Lovett and Samuel Lovett through their counsel. Said response pledged their cooperation in the appropriate regulation of their practices given their licensure only in Massachusetts and willingness to conform in all reasonable respects with state law, and it requested that this matter be remanded to the committee to fashion a binding consent decree between themselves and the State of Rhode Island delineating what is and is not permissible conduct for them as practitioners.

After reviewing the hearing transcripts and exhibits, the committee report, and the response thereto, this Court hereby adopts the committee's findings of fact and recommendations and orders the following:

A. That this order, the committee report, and all related hearing transcripts and exhibits be referred to the Rhode Island Department of the Attorney General for civil action and/or criminal prosecution of Carl J.S. Lovett and Samuel Lovett; and

B. That a copy of this order and the committee report be provided to the Massachusetts Board of Bar Overseers.